IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA OPPENHAMMER,  ) | |
|     ID # 2267205, ) | |
|         Petitioner, ) | |
| ) | |
| vs. ) | No. 3:23-CV-1372-X-BH |
| ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 18, 2023 (doc. 6), should be **DENIED** with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

Lisa Oppenhammer (Petitioner), currently an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging her 2019 conviction and sentence in Dallas County, Texas. (*See* doc. 6 at 2.)  The respondent is the Director of TDCJ-CID.  (*See id.* at 1.)

After pleading guilty, Petitioner was convicted of second-degree manslaughter on May 22, 2019, in Case No. F-1900140-K in the Criminal District Court No. 4 of Dallas County, Texas; she was sentenced to 20 years' imprisonment.  *See Judgment of Conviction by Court—Waiver of Jury Trial*, *State v. Oppenhammmer*, No. F-1900140-K (Crim. Dist. Ct. No. 4, Dallas Cty., Tex. May 22, 2019).  The judgment was affirmed on appeal.  *See Oppenhammer v. State*, No. 05-19-00657-

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

CR, 2020 WL 6482015 (Tex. App.—Dallas Nov. 4, 2020, no pet.).  She did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

Petitioner's first state habeas application, signed on September 29, 2022, was received by the trial court on October 12, 2022.  *See Ex parte Oppenhammer*, No. W19-00140-H(A) (Crim. Dist. Ct. No. 4, Dallas Cty, Tex. Oct. 12, 2022).  On December 21, 2022, the Texas Court of Criminal Appeals denied her state habeas application without written order.  *See Ex parte Oppenhammer*, No. WR-94,373-01 (Tex. Crim. App. Dec. 21, 2022).  Her second state habeas application, received by the Texas Court of Criminal Appeals on March 20, 2023, was dismissed as a subsequent application on April 19, 2023.  *See Ex parte Oppenhammer*, No. WR-94,373-02 (Tex. Crim. App. Apr. 19, 2023).

Petitioner's § 2254 petition raises the following grounds for relief:

(1) Actual Innocence 8th and 14th U.S. Constitutional Amendment;

(2) Actual Innocence 8th and 14th U.S. Constitutional Amendment;

(3) Ineffective Assistance of Counsel 6th and 8th U.S. Constitutional Amendment;

(4) Ineffective Assistance of Counsel 6th and 8th U.S. Constitutional Amendment;

(5) Ineffective Assistance of Counsel 6th and 8th U.S. Constitutional Amendment;

(6) Ineffective Assistance of Counsel 6th and 8th U.S. Constitutional Amendment;

(7) Brady Violation 14th U.S. Constitutional Amendment;

(8) Brady Violation 14th U.S. Constitutional Amendment & 8th U.S.C [sic] Amendment; and

(9) Ineffective Evidence 8th & 14th U.S. Constitutional Amendment.

(doc. 6 at 7-10.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on December 4, 2020, when the thirty-day time frame for seeking further review after her conviction was affirmed on direct appeal on November 4, 2020, expired. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in

3

the state court expires."). Petitioner does not allege that state action prevented her from filing a § 2254 petition earlier, and she has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date her conviction became final. Because the date her conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, December 4, 2020. Petitioner filed this habeas action over two years later. Her § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

A.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's first state habeas application was signed on September 29, 2022, and received by the trial court on October 12, 2022, over nine months after her limitations period expired on December 4, 2021. It therefore does not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

B.  **Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010);

4

*Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if she shows that: (1) "[s]he has been pursuing [her] rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner states that she "has been Persuing [sic] her rights diligently. Filed the appeal, recieved [sic] a Letter from John Creuzot stating Integrity Unit was Investigating case 12/18/20." (doc. 6 at 12.) She also states that she "[e]xhausted state writs. #2 is because of my strokes." (*Id.*) She offers no facts or evidence to show that she exercised due diligence in waiting nearly two years before seeking any habeas relief after she was allegedly informed that her case was being investigated by a state integrity unit. Further, she has not provided any facts or evidence to show that any extraordinary circumstance prevented a timely filing. She therefore has failed to meet her burden to show that she is entitled to equitable tolling.

5

### C.     **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386).  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered.  *McQuiggin*, 569 U.S. at 399-400.  "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'"  *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom met."  *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Here, Petitioner has failed to satisfy this high bar.  She appears to claim that she is actually innocent of the offense of conviction because she "had strokes while driving."  (doc. 6 at 7.)  She alleges that she was saved from a burning vehicle and that "[t]he EMT workers said Petitioner had a stroke and was going to neurology . . . unit, and they gave Petitioner fentanyl.  Once Petitioner got to [the hospital] they gave her fentanyl again.  Petitioner was given a stroke education paper and was diagnosed with multi territorial [sic] strokes 3-15-17[.]"  (*Id.*)  She further alleges that she

6

"had strokes, [the deceased's] death certificate says accident. This was a medical condition Petitioner didn't even know she had." (*Id.* at 8.) Petitioner has not shown that the records on which she relies, namely a stroke education paper and diagnosis from March 2017, and the death certificate of the deceased, were "new" evidence. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) ("Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'"). Further, her allegations and the evidence on which she relies do not present evidence of actual innocence of the offense of manslaughter. Accordingly, Petitioner cannot overcome the applicable AEDPA limitations period on the basis of alleged actual innocence, and her § 2254 petition should be denied as untimely.

### III. RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 18, 2023 (doc. 6), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 20th day of July, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE