UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA OPPENHAMMER, ID # 2267205, | § § § § | |
| *Petitioner*, | § § | |
| v. | § § | Civil Action No. 3:23-CV-1372-X-BH |
| DIRECTOR, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| *Respondent*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. 9]. Specifically, the Magistrate Judge concluded that Lisa Oppenhammer's petition for a writ of habeas corpus should be denied as barred by the statute of limitations. Lisa Oppenhammer filed objections.

First, Oppenhammer asserts that the statute of limitations should be tolled because she has new evidence that she tried to obtain earlier but could not "until after the Appeal Attorney asked to be off of [the] case."[1] But as the Magistrate Judge rightly noted, Oppenhammer doesn't explain how that evidence—medical records regarding a stroke she suffered—proves actual innocence of the offense of manslaughter. And she doesn't explain why the fact of her stroke was outside "the

---

[1] Doc. 10 at 1.

1

reach of [her] personal knowledge" at an earlier time.[2]

Second, Oppenhammer says that "the states evidence was the Petitioner had a stroke 3 days later."[3]  If anything, the fact that the state had evidence of Oppenhammer's stroke rebuts the notion that that evidence was new and not discoverable.

Third, Oppenhammer details the work she conducted on this case for the last two years.  But Oppenhammer doesn't point to any extraordinary circumstance that prevented her timely filing for purposes of equitable tolling.

Fourth, Oppenhammer maintains her innocence.  But, as noted, she hasn't provided evidence showing actual innocence.

Accordingly, the District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.  Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on July 18, 2023 [Doc. 6], is **DENIED** with prejudice as barred by the statute of limitations.

---

[2] *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018).

[3] Doc. 10 at 1.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the petitioner is **DENIED** a Certificate of Appealability. In the event that the petitioner files a notice of appeal, she must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**IT IS SO ORDERED** this 7th day of August, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE