IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA OPPENHAMMER,<br>    ID # 2267205,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)    No. 3:23-CV-1372-X-BH<br>)<br>)<br>)<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's letter, received on August 21, 2023 (doc. 13), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

### I.    BACKGROUND

Lisa Oppenhammer (Petitioner), an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 that was received on July 18, 2023.  (*See* doc. 6.)  On July 20, 2023, it was recommended that the petition be denied as barred by the statute of limitations.  (*See* doc. 9.)  On August 7, 2023, the recommendation was accepted over Petitioner's objection, judgment was entered denying the § 2254 petition with prejudice as barred by the statute of limitations, and a certificate of appealability was denied.  (*See* docs. 10-12.)  Petitioner now contends that she is "being denied the ability to file Actual Innocent [sic]," and claims that her petition was "Denied Wrongly[.]"  (doc. 13 at 1, 3.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

## II.   NATURE OF FILING

Petitioner challenges the denial of her § 2254 petition, alleging that it was wrongly decided based on her claims of actual innocence. (*See generally* doc. 13.) She therefore appears to seek relief from judgment in this action. "A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021). Because Petitioner's filing was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams* 602 F.3d at 303; Fed. R. Civ. P. 59(e).

## III.   FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or

amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner's assertions that she is actually innocent essentially re-urge and again seek review of the same arguments of actual innocence that she made in her § 2254 petition and in her objections to the recommended denial of the petition, which have been rejected. Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show relief under Rule 59(e).  *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule 59(e) motion cannot be used to repeat old arguments previously considered and rejected).  As discussed in the recommendation, Petitioner failed to show that the records on which she relies to support her claim of actual innocence constituted "new" evidence for purposes of overcoming the applicable limitations period.  (*See* doc. 9 at 6-7.)  The recommendation also noted that Petitioner's allegations and evidence did not present evidence of actual innocence of her conviction for manslaughter.  (*See id.* at 7.)

Petitioner has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. She has provided insufficient grounds to justify relief under Rule 59(e).

### IV.   CIVIL CLAIMS

In connection with her alleged grounds of actual innocence, Petitioner states, "I know I am black But [sic] the 1983 Civil Action for deprivation of rights covers that as well."  (doc. 13 at 2.) To the extent Petitioner is referencing a civil rights action under 42 U.S.C. § 1983, such actions do not challenge a petitioner's custody.

3

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). A petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, any non-habeas civil claims are subject to dismissal without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, she must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[2] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Petitioner's motion is not liberally construed as seeking to open a new case at this time. The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case she wishes to file a new civil action.

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

## V. RECOMMENDATION

Petitioner's letter, received on August 21, 2023 (doc. 13), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 7th day of September, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE