IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA OPPENHAMMER,<br>    ID # 2267205,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)   No. 3:23-CV-1372-X-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the petitioner's letter, received on September 8, 2023 (doc. 15), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

### I.     BACKGROUND

Lisa Oppenhammer (Petitioner), an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 that was received on July 18, 2023. (*See* doc. 6.) On July 20, 2023, it was recommended that the petition be denied as barred by the statute of limitations. (*See* doc. 9.) On August 7, 2023, the recommendation was accepted over Petitioner's objection, judgment was entered denying the § 2254 petition with prejudice as barred by the statute of limitations, and a certificate of appealability was denied. (*See* docs. 10-12.) In a letter received on August 21, 2023, Petitioner argued that she was "being denied the ability to file Actual Innocent [sic]," and that her petition was wrongly denied. (doc. 13 at 1, 3.) On September 7, 2023, it was

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

recommended that the August 21 letter be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and denied.  (*See* doc. 14.)

On September 8, 2023, Petitioner's letter dated August 31, 2023, was received.  (*See* doc. 15.)  In it, she is "requesting the papers or application for Rule 60(A, b1, 6) [sic]" and states that she "know[s] the Court may correct a mistake arising from oversight, or omission whenever one is found in a Judgement [sic], order or other part of the record[.]"  (*Id.* at 1.)  She alleges her "evidence was withheld until my appeal didnt [sic] go through and I requested those papers."  (*Id.*)

## II.    NATURE OF FILING

Petitioner challenges the denial of her § 2254 petition by indicating that there was "a mistake arising from oversight, or omission" that the Court may correct under "Rule 60(A, b1, 6) [sic]."  (*Id.*)  She therefore appears to seek relief from judgment in this action under Federal Rule of Civil Procedure 60.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)," depending on "when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *see also Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).  Petitioner's 28-day period after entry of judgment in which to file a Rule 59(e) motion expired on Monday, September 4, 2023.  (*See* doc. 12.)  Because September 4, 2023, was a legal holiday, however, the deadline became Tuesday, September 5, 2023.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Because Petitioner's letter, dated August 31, 2023, was mailed no later than September

5, 2023, it should be liberally construed as a second motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (*See* doc. 15 at 2); *Williams* 602 F.3d at 303; Fed. R. Civ. P. 59(e).

### III.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.*  When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner alleges that she "will not allow the time to pass again on what the District Attorney John Creuzot thought he would be able to do." (doc. 15 at 1.)  She also alleges that she "stand[s] by the Michael Morton Act, Because [sic] mu evidence was withheld until my appeal didnt [sic] go through and I Requested [sic] those papers." (*Id.*)  Her assertions re-urge arguments she made in her § 2254 petition, objections to the recommended denial of the petition, and first Rule 59(e) motion, and which have been rejected.  Rehashing evidence, legal theories, or arguments that were raised before the entry of judgment is insufficient to show relief under Rule 59(e).  *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (explaining that a Rule

59(e) motion cannot be used to repeat old arguments previously considered and rejected). As discussed in the recommendation, the allegations of her habeas claims became known or could have become known through the exercise of due diligence before her conviction became final for purposes of 28 U.S.C. § 2244(d), and she failed to show that she was entitled to statutory or equitable tolling, or that an applicable exception to the limitations period applied. (*See* doc. 9 at 3-7.)

Petitioner has failed to identify an intervening change in controlling law, point out the availability of new evidence not previously available, identify a manifest error of law or fact, or identify any other extraordinary circumstances justifying alteration or amendment of the judgment. She has provided insufficient grounds to justify relief under Rule 59(e).

### IV. RECOMMENDATION

Petitioner's letter, received on September 8, 2023 (doc. 15), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 15th day of September, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE